# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LONNIE R. HENDERSON,**

    **Plaintiff,**

    **v.**                              **CASE NO. 18-3179-SAC**

**STORMONT VAIL REGIONAL**
**MEDICAL CENTER,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.) On October 12, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7), granting Plaintiff until November 12, 2018, in which to show good cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 8) to the MOSC.

Plaintiff alleges that he checked into Stormont Vail Regional Medical Center on August 2, 2016, for hallucinations. Plaintiff alleges that staff at Stormont Vail conducted tests revealing that Plaintiff was under the influence of several narcotics, including cocaine, meth, and marijuana. Plaintiff alleges that staff at Stormont Vail released him prematurely, while he was still hallucinating. Plaintiff alleges that nurses failed to comply with doctors' orders, and this could have been prevented if staff had acted with reasonable diligence. Plaintiff alleges that his premature release from the medical center, against doctors' orders, resulted in him committing the crimes underlying his current incarceration. Plaintiff names Stormont Vail Regional Medical Center as the sole defendant, and seeks compensatory and punitive damages.

In the MOSC, the Court noted that a complaint brought under § 1983 must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (citation omitted). A defendant acts "under color of state law" when he "exercises[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Acad. v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001). Plaintiff's claims against the Defendant fail to show that Defendant was acting under color of state law.

The Court's MOSC also found that the facts alleged in the Complaint fail to state a plausible federal constitutional violation. "The core inquiry under any § 1983 action, regardless of the analogous common law tort, is whether the plaintiff has alleged an actionable constitutional violation." *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007); *see also Malek v Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) ("[A] violation of state law alone does not give rise to a federal cause of action under § 1983."). Plaintiff's allegations suggest negligence on the part of staff at Stormont Vail. To the extent Plaintiff seeks money damages for negligence, such allegations fail to state a federal constitutional violation under § 1983. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under

§ 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted).

Plaintiff's response fails to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show a state actor or a plausible federal constitutional violation. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 29th day of November, 2018.**

    **S/ Sam A. Crow**
    **Sam A. Crow**
    **U.S. Senior District Judge**